IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DENNIS BUCKNER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 4:09-CV-614-VEH** |
| | ) |
| **PENNSYLVANIA LIFE** | ) |
| **INSURANCE COMPANY; SHANE** | ) |
| **BOWMAN,** | ) |
| | ) |
|     **Defendants.** | ) |

### **MEMORANDUM OPINION**

**I.    INTRODUCTION**

Before the Court is the Plaintiff's Motion to Remand (Doc. 4) filed on April 27, 2009 and the Defendant's Motion to Dismiss (Doc. 8), filed on May 11, 2009. This case arises out of alleged misrepresentations made in the course of forming an insurance contract and the subsequent failure of the Defendant to pay the Plaintiff benefits to which he believes he is entitled. The Defendant removed this case, based on 28 U.S.C. § 1332, after receiving a settlement letter from Plaintiff's counsel that requested an amount in excess of the jurisdictional threshold. Because the Court finds that the settlement letter at issue is not a reasonable assessment of the value of the case, nor is it an unambiguous statement establishing jurisdiction, the Motion to

Remand is due to be **GRANTED** and that this case is due to be **REMANDED** to the Circuit Court of St. Clair County, Alabama.  Because the Court finds that it lacks subject matter jurisdiction, it leaves resolution of the motion to dismiss to the state court on remand.

**II.      FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Dennis Buckner ("Buckner") filed the instant case in St. Clair County, Alabama on March 28, 2008.  In his Complaint (Doc. 1, Ex. A), Buckner alleges that the Defendants, Pennsylvania Life Insurance Company ("Pennsylvania Life") and Shane Bowman ("Bowman") misled Buckner regarding the amount of coverage provided by an insurance policy for disability benefits.  (*Id.*)  Buckner's Complaint included claims for breach of contract, fraud, and bad faith refusal to pay his claim to benefits under the policy.  (*Id.*)  Pennsylvania Life is incorporated in the state of Pennsylvania, with its principle place of business in the state of Florida. (Doc. 1 at 3.)  Bowman is a resident of St. Clair County, Alabama.  (Doc. 1, Ex. A.)  While Pennsylvania Life has been properly served in this matter, Defendant Bowman has not been served.  (Doc. 1, Ex. C.)

After being served with the Complaint, Pennsylvania Life filed an Answer and participated in discovery.  (*See* Doc. 4, Exs. A-C.)  Prior to taking Buckner's deposition, counsel for Pennsylvania Life sent Bucker's counsel an e-mail message

explaining that "[p]rior to going forward with depositions, I usually prefer to see whether an early settlement is a possibility and to value the case from our standpoint. Are you in a position to make a settlement demand?" (Doc. 1, Ex. D.) To this inquiry, Buckner's counsel replied: "This case has the potential for [a] seven figure jury verdict. However, I have been authorized to make an initial demand of $300,000.00. Please discuss this with your client and contact me if you would like to further pursue meaningful settlement negotiations." (*Id.*) Buckner's counsel sent this missive on March 10, 2009, and Pennsylvania Life removed this case based on the amount stated by Buckner's counsel. (Doc. 1 at ¶ 10.) Additionally, Pennsylvania Life argued that the diversity of citizenship requirement of 28 U.S.C. § 1332 was satisfied because Bowman was fraudulently joined and has not been served in this matter. (Doc. 1 at ¶ 8.)

Plaintiff filed the instant Motion to Remand (Doc. 4) on April 26, 2009. As grounds for this motion, Buckner argues that Pennsylvania Life waived its right to remove this case because it accepted the jurisdiction of the Circuit Court of St. Clair County, Alabama by its participation in the litigation for nearly one year before seeking to remove the case. (Doc. 4 at 16-17.) Pennsylvania Life argues that removal was proper and that the requisite amount in controversy was only recently established through the receipt of "other paper," i.e., Buckner's settlement offer, within the

meaning of 28 U.S.C. § 1446(b). (*See* Doc. 1 at ¶ 8.)

### III. STANDARD OR REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

In establishing the propriety of removal under 28 U.S.C. § 1441, defendants may rely upon documents such as pleadings, motions, orders, or "other paper." 28 U.S.C. § 1446(b). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). When, as here, the damages in the Complaint are unspecified, the removing defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Tapscott v. MS*

*Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000).

## IV.  ANALYSIS

Although Buckner has only argued that remand was necessary because the Defendant waived any right to remove the case by participating in discovery (*see* Doc. 4 at 16-17), the Court, *sua sponte*,[1] initially considers whether the amount in controversy is established by the settlement letter relied upon by Pennsylvania Life as the basis for removal and, because it finds that the amount in controversy is not established, the Court concludes that it lacks subject matter jurisdiction.

The Court may consider the demand letter at issue in this case as evidence supporting removal because it constitutes "other paper" for purposes of 28 U.S.C. § 1446(b). *Lowery*, 483 F.3d at 1213 (11th Cir. 2007) ("What constitutes 'other paper' . . . has been developed judicially. Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify. They include . . . <u>settlement offers</u> . . . .") (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir.2000)); *see also* 14C Charles Alan Wright, et al.,

---

[1] The Court is entitled to examine its subject matter jurisdiction *sua sponte*, regardless of whether the Plaintiff argued on this basis as a part of its brief in support of the motion to remand. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245-1246 (11th Cir. 2004); *Whole Health Chiropractic & Wllness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1320-1321 (11th Cir. 2001).

Federal Practice and Procedure § 3732 (1998) ("[C]orrespondence between the parties and their attorneys or between the attorneys usually [is] accepted as [an] 'other paper' source[ ] that initiate[s] a new thirty-day period of removability.").

Regarding the use of "other paper," the *Lowery* court wrote:

> We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us-where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice-without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims. . . .
> To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." *See* § 1446(b). This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the case before us, the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

483 F.3d at 1213, n. 63.

While *Lowery* recognizes that settlement offers may be considered as "other paper" in order to establish the amount in controversy, the Eleventh Circuit has not

provided any guidance from which to determine when removal is appropriately based on a settlement offer. In the absence of binding authority from the Eleventh Circuit, this Court looks to other non-binding courts that have addressed this issue as well as the standard provided by the Eleventh Circuit in *Lowery*.

    **A.**    **The demand letter is not a reasonable assessment of the value of Buckner's claim.**

Courts treating demand letters as "other paper" have recognized that such letters are relevant only if "it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)[2]. In *Cohn*, the Ninth Circuit found that a settlement offer satisfied the amount in controversy in a trademark case where damages were unspecified. 281 F.3d at 841. There, the plaintiff's counsel, after filing the complaint, sent a letter to the defendant stating, "[u]pon review of my client's records, and evaluating the value of the good will portion of his business, we believe the mark is worth more than $100,000 to him. Therefore, if your client

---

[2] The Eleventh Circuit, in *Burns v. Windsor*, stated that a settlement offer, "while . . . by itself, [is] not determinative, it counts for something." 31 F.3d at 1097. *Burns* is factually distinct from this case. Here, damages are unspecified, unlike *Burns*, where damages were specified at $45,000 and the <u>defendant</u> argued that damages were in actuality in excess of that amount. In *Burns*, the plaintiff offered to settle for <u>less</u> than the jurisdictional amount. The court in *Burns* only concluded that an offer to settle did not establish that the plaintiff's prayer for relief in her complaint was "grossly inconsistent" with her alleged damages and that, therefore, a <u>higher</u> amount was actually in controversy. *Id.*

wishes [to continue using the disputed trademark] my client demands $100,000." *Id.* at 840, n. 2. The court noted that "[the plaintiff] could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence. Rather he consistently maintained that his mark is worth more than $100,000." *Id.* at 840. Faced with this evidence, the Court concluded that the case was appropriately removed to federal court, since the amount in controversy was beyond the $75,000 threshold. *Id.* at 841.

Other courts have analyzed settlement letters in the removal context along the same lines as the Ninth Circuit in *Cohn*–by distinguishing between posturing in settlement negotiations and a "reasonable assessment" of damages. *See, e.g.*, *Conder v. Best Value, Inc.*, No. 3:08-CV-411-M, 2008 WL 4601915 at *2 (W.D. Ky. Oct. 15, 2008) ("[B]efore a demand letter can be considered relevant evidence of the amount in controversy, the Court must determine that it reflects a reasonable estimate of the plaintiff's claim.") (internal citations and quotation marks omitted); *Fellows v. E and J Enterprises of Collier County, Inc.*, No. 2:05 CV 561, 2006 WL 314505 at *4 (M.D. Fla., Feb. 9, 2006) (finding that a settlement demand of $500,000 plus $150,000 in attorney's fees established subject matter jurisdiction by a preponderance of the evidence, even though the settlement letter "involve[d] at least a certain degree of posturing"); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1108

(S.D.Cal. 2003) (finding that a letter constituted "a reasonable estimate of the plaintiff's claim" when the plaintiff had "offered no argument or evidence that the figures in [his] settlement letter are inflated or otherwise unreliable"); *Wang v. Pacific Cycle, Inc.*, 530 F.Supp.2d 1048, 1051 (S.D. Iowa 2008) ("As a general matter, settlement demands are "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Golden Apple Mgmt. Co. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) ("Given the specific information that the letter provides to support its claim for damages, it is apparent that plaintiff was offering a reasonable assessment of the value of its claim"); *Standridge v. Wal-Mart Stores, Inc.*, 945 F.Supp. 252, 256 (N.D.Ga.,1996) ("Plaintiff's demand letter [offering to settle for $75,000], however, was sent to the defendant on May 22, 1996, approximately two weeks before plaintiff filed her case. As such, plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking.").

Of particular significance to this Court are the decisions in *Golden Apple*, *Fellows*, and *Conder*. These cases, while not binding on the court, serve to establish a framework for this Court to distinguish between reasonable estimates of the value of a case and mere posturing in settlement negotiations.

In *Golden Apple*, 990 F. Supp. 1364, the court addressed the sufficiency of a demand letter to begin the thirty day time frame in which to remove a case. This required the court to determine whether the settlement letter was "other paper" from which GEAC should have ascertained removability. *Id.* at 1368. The letter at issue specifically approximated GEAC's out of pocket costs, noting that damages it could "readily attribute to the defective condition of the GEAC software" amounted to more than $105,432. *Id.* at 1368. This estimate included software costs, consultant costs and personnel costs. *Id.* Faced with these facts, the court concluded "[g]iven the specific information that the letter provides to support its claim for damages, it is apparent that [the] plaintiff was offering a reasonable assessment of the value of its claim." *Id.* Thus, the case having been removed more than thirty days after the defendant received the demand letter, removal was untimely. *Id.* at 1369.

In *Fellows v. E and J Enterprises of Collier County, Inc.*, 2006 WL 314505, the district court faced a similar situation. The plaintiff's counsel penned a settlement letter demanding $500,000, plus an additional $150,000 in attorney fees. *Id.* at *4. The defendant relied upon this evidence as his basis for removal. The plaintiff, in response, argued that the letter was merely posturing in settlement negotiations. *Id.* The court concluded that the letter was sufficient to establish the jurisdictional amount. *Id.* In relevant part, the letter stated that the plaintiff had been out of work

for five months and that she had been impacted in ways that were "unimaginable to most people, particularly in the context of [the plaintiff] fearing that she would be unable to support her critically ill daughter." *Id.* The court concluded that "even discounting for normal puffery," the defendant had satisfied its burden as to the jurisdictional amount. *Id.*

Finally, in *Conder*, 2008 WL 4601915, the plaintiff's demand letter sought $95,000 in order to settle its case. *Id.* at *2. The court recognized that "before a demand letter can be considered relevant evidence of the amount in controversy the Court must first determine that it reflects a reasonable estimate of the plaintiff's claim." *Id.* Thus, looking to the demand letter, the court identified several specific facts concerning the plaintiff's medical condition in the detailed letter that was apparently more than seven pages long. *Id.* Faced with these facts, the court concluded that the demand letter "reasonably estimates [the plaintiff's] pain and suffering, future medical expenses, and impaired earning power. . . ." *Id.* Accordingly, the defendants carried their burden of establishing the amount in controversy. *Id.*

In each of the above-described cases, counsel for the plaintiffs had issued specific and, in some cases, lengthy letters detailing the damages suffered by the client. In *Golden Apple*, the letter specifically attempted to approximate the

11

plaintiff's out of pocket costs; in *Fellows*, the plaintiff's attorney detailed the "unimaginable suffering" his client had endured; and in *Conder*, the plaintiff's attorney wrote a seven-page letter describing the plaintiff's medical condition. When compared with these statements of great detail that accompanied the letters in the above-described cases, the letter from Buckner's counsel falls far short. The e-mail message at issue in this case is a brief, one-paragraph response to a comparably brief e-mail message sent by Defendant's counsel soliciting settlement negotiations. (*See* Doc. 1, Ex. D.) In full, Buckner's counsel wrote:

> Thank you for your correspondence and I apologize for the delay in responding. This case has the potential for [a] seven figure jury verdict. However, I have been authorized to make an initial demand of $300,000.00 Please discuss this with your client and contact me if you would like to further pursue meaningful settlement negotiations.

(*Id.*)

This brief statement is clearly posturing and does not amount to a reasonable assessment of the damages at issue in this case. Buckner's counsel made no attempt to explain the facts underlying this demand and, perhaps recognizing that the amount stated would not be close to the amount for which Defendant was willing to settle, added that they should speak further to engage in <u>meaningful</u> settlement negotiations. Clearly, the amount solicited by the Defendant was an opening "shot" as opposed to a reasonable assessment of the value of the case. Therefore, the Court finds that the

settlement letter at issue does not establish the amount in controversy and, consequently, does not vest this Court with subject matter jurisdiction.

**B. The letter does not amount to a clear and unambiguous statement establishing federal jurisdiction.**

There is also a more fundamental reason for rejecting Pennsylvania Life's contention that the letter from Buckner's counsel establishes this Court's jurisdiction. It does not rise to the level of certainty required by *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). In *Lowery*, the Eleventh Circuit, while recognizing that "other paper" may serve as the basis for removal under Section 1446(b), further noted that "the documents received by the defendant must contain an unambiguous statement that <u>clearly establishes</u> federal jurisdiction." 483 F.3d at 1215 (emphasis added) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir.2002) (holding that grounds must be "unequivocally clear and certain")). The Court cannot envision any interpretation of *Lowery*'s requirement of an unambiguous statement clearly establishing jurisdiction that would create a standard that is more deferential than the "reasonable assessment" language used in other district courts within this circuit prior to *Lowery* and other courts that are not bound by *Lowery*. Although the Court does not have the benefit of any similar case law in this circuit

decided after *Lowery*,[3] it is nevertheless bound by the Eleventh Circuit's admonition to refrain from engaging in speculation in order to determine the jurisdictional amount.

> Thus, under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines <u>whether that document and the notice of removal unambiguously establish federal jurisdiction</u>. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, <u>neither the defendants nor the court may speculate</u> in an attempt to make up for the notice's failings.

483 F.3d at 1213-1215 (footnotes omitted) (emphasis added).

Therefore, interpreting the above-discussed cases through the lens of *Lowery*, which requires a clear and unambiguous statement clearly establishing jurisdiction, the

---

[3] Some district courts within this circuit have addressed settlement letters after *Lowery* was decided, but the cases concern letters received prior to filing the complaint, where a specific amount in controversy was claimed in the complaint. *See*, *e.g.*, *Daniel v. Nationpoint*, No. 2:07-CV-640-WKW, 2007 WL 4533121 at * (M.D. Ala. Dec. 19, 2007) (noting in a case where the plaintiff wrote a $100,000 settlement offer before the complaint was filed that "[a] settlement letter does not establish to a legal certainty that if the plaintiffs prevailed at trial they would recover more than the jurisdictional amount."). These cases do not apply because they require application of the more stringent legal certainty standard, and not the preponderance of the evidence standard. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 947 (11th Cir. 2000) (explaining that the legal certainty standard applies when a specific jurisdictional amount is claimed in the complaint and that the preponderance of the evidence standard applies when damages are unspecified).

basis for removal is an even weaker one. The settlement letter simply does not constitute an unambiguous statement that <u>clearly</u> <u>establishes</u> federal jurisdiction. As previously described *supra*, the letter from Buckner's counsel amounts to mere posturing in settlement negotiations and, therefore, it does not amount to an unambiguous statement establishing the amount in controversy. To find otherwise would improperly require this Court to speculate as to the amount in controversy.

    **C.**    **Buckner is not due to be awarded his costs incurred as a result of removal.**

In his motion to remand, Buckner also requested that the Court award costs incurred as a result of the removal. (Doc. 4 at 1.) The federal removal statutes generally contemplate such an award, stating that an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "[Section] 1447(c) only authorize[s] an award of costs and fees when such an award [is] just." *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (citing *Martin*, 546 U.S. at 140). Clearly, "defendants do deserve some leniency for good faith removals." *Gonzalez v. J.C. Penney Corp.*, 209 Fed. Appx. 867, 870 (11th Cir.2006) (citing

*Bauknight*, 446 F.3d at 1331). The Court finds that Pennsylvania Life had an objectively reasonable basis for removal. The dictates of *Lowery* are still evolving, especially when applying them to the "other paper" at issue in this case and, although the Court disagreed with the Defendant's position, it was objectively reasonable for Pennsylvania Life to contend that Buckner's settlement letter established subject matter jurisdiction.

## V. CONCLUSION

Because the settlement demand letter does not amount to an unambiguous statement that clearly establishes this Court's jurisdiction, Pennsylvania Life has not met its burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Lowery*, 483 F.3d at 1211. Therefore, Buckner's Motion to Remand (Doc. 4) is due to be **GRANTED** and this case is due to be **REMANDED** to state court. Because this case is due to be remanded, the Court declines to reach the Defendant's Motion to Dismiss (Doc. 8) and leaves its resolution to the Circuit Court of St. Clair County, Alabama on remand. An Order consistent with this Memorandum of Opinion will be entered.

**DONE** and **ORDERED** this the 14th day of May, 2009.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge